22-1467-cr
United States v. Williams

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31st day of January, two thousand twenty-four.

PRESENT:   RAYMOND J. LOHIER, JR.,
                   EUNICE C. LEE,
                   MYRNA PÉREZ,
                          *Circuit Judges*.

------------------------------------------------------------------

UNITED STATES OF AMERICA,

             *Appellee*,

        v.                                                    No. 22-1467-cr

JAMES WILLIAMS, AKA SEALED
DEFENDANT 1,

             *Defendant-Appellant*.

------------------------------------------------------------------

FOR DEFENDANT-APPELLANT:      THEODORE S. GREEN, Green & Willstatter, White Plains, NY

FOR APPELLEE:      JEFFREY C. COFFMAN (Michael D. Maimin, Stephen J. Ritchin, *on the brief*), *for* Damian Williams, United States Attorney for the Southern District of New York, New York, NY

Appeal from a judgment of the United States District Court for the Southern District of New York (Vincent L. Briccetti, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

James Williams appeals from a judgment of conviction entered on July 1, 2022, by the United States District Court for the Southern District of New York (Briccetti, *J.*). After trial, a jury found Williams guilty of conspiring to distribute and possess with intent to distribute 28 grams or more of cocaine base, in violation of 21 U.S.C. §§ 846 and 841(a)(1) & (b)(1)(B), and using and carrying a firearm during and in relation to a drug trafficking crime or possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i) and 2. We assume the parties' familiarity with the underlying

facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

## I.      Sufficiency of the Evidence

Williams argues that the evidence was insufficient to support his conviction on either count.   We review his challenge *de novo,* viewing the evidence "in the light most favorable to the prosecution," and we will uphold the conviction if "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."   *United States v. Capers*, 20 F.4th 105, 113 (2d Cir. 2021) (quotation marks omitted).   We conclude that Williams has not met this "heavy burden."   *United States v. Landesman*, 17 F.4th 298, 319 (2d Cir. 2021) (quotation marks omitted).

With respect to Williams's conspiracy conviction, the Government presented evidence that Williams, following his arrest on state drug charges, directed Ajah Hodges and Blessing Rogers, among others, to transport and store drugs, including 42 grams of crack cocaine contained in a gym bag.   Both Hodges and Rogers testified that they were aware that Williams was dealing crack cocaine and that they were aware that the gym bag contained drugs.   The jury could have reasonably found that Williams's references during his calls to

3

the bag's contents were code for drugs.   App'x 113, 175, 264.   This evidence was thus sufficient for the jury to find a conspiracy to possess and distribute 28 grams or more of cocaine base.   *United States v. Huezo*, 546 F.3d 174, 180 (2d Cir. 2008).

Williams also challenges the sufficiency of the evidence supporting his § 924(c) conviction.   Because we conclude that there was sufficient evidence for a rational juror to find beyond a reasonable doubt that Williams's conduct violated § 924(c)(1)(A), we reject the challenge.   As for Williams's possession of the guns, Rogers testified at trial that Williams's brother acknowledged that the guns in the gym bag belonged to Williams.   And keeping in mind that "[c]onstructive possession exists when a person has the power and intention to exercise dominion and control over the contraband in question," *United States v. Willis*, 14 F.4th 170, 181 (2d Cir. 2021) (quotation marks omitted), there was also evidence that Williams controlled his gym bag, which contained guns as well as drugs, by directing how and where it would be transported and stored, *see United States v. Dhinsa*, 243 F.3d 635, 677 (2d Cir. 2001) ("It is of no moment that other individuals also may have exercised control over the weapons.").   A rational juror could also have found that the evidence showed "some nexus between the firearm[s]" recovered by the police "and the drug selling operation."

4

*United States v. Finley*, 245 F.3d 199, 203 (2d Cir. 2001).   The guns at issue in this case were stored together with the drugs, and Williams repeatedly emphasized the need to keep them together.   This evidence was sufficient for a rational juror to find that the guns "afforded some advantage (actual or potential, real or contingent) relevant to the vicissitudes of drug trafficking."   *United States v. Lewter*, 402 F.3d 319, 322 (2d Cir. 2005).

## II.     Motion to Suppress

Williams also appeals the District Court's denial of his pretrial motion to suppress evidence obtained as a result of the police's search of the gym bag, arguing that the evidence was the fruit of a prior illegal search conducted by a confidential informant ("CI").   In considering this argument, we note that the protections afforded by the Fourth Amendment do not apply "to a search or seizure, even an unreasonable one, effected by a private individual not acting as an agent of the Government or with the participation or knowledge of any governmental official."   *United States v. Jacobsen*, 466 U.S. 109, 113 (1984) (quotation marks omitted).   Here, Williams failed to show that the CI's initial search of the gym bag was requested by a government official.   To the contrary, during the suppression hearing, the Government adduced testimony, which the

District Court credited, that police were not even aware of the bag until the CI told them what was in it. "We . . . pay special deference to the district court's factual determinations going to witness credibility." *United States v. Jiau*, 734 F.3d 147, 151 (2d Cir. 2013). For these reasons, we affirm the District Court's denial of Williams's suppression motion.

## III. Motion in Limine

Finally, Williams argues that the District Court erred in admitting evidence that he sold crack cocaine to an undercover officer in January 2018 and possessed crack cocaine and $11,000 in cash when he was arrested in May 2018. We disagree. A key issue at trial was whether Williams directed associates to transport cocaine and firearms after his May arrest. During his recorded calls from jail, Williams spoke with others in coded language and referred to his January sales, the seizure of his $11,000, and the May arrest. The challenged evidence was permissibly admitted as direct evidence to "complete the story of the crime on trial," *United States v. Carboni*, 204 F.3d 39, 44 (2d Cir. 2000) (quotation marks omitted), and provide "background of the conspiracy charged," *United States v. Williams*, 205 F.3d 23, 33–34 (2d Cir. 2000) (quotation marks omitted). Moreover, the District Court mitigated any risk of unfair

6

prejudice by instructing the jury that it could consider the evidence only for the limited purpose of interpreting Williams's calls from jail. *See United States v. Snype*, 441 F.3d 119, 129–30 (2d Cir. 2006). We thus conclude that the District Court did not act "arbitrarily and irrationally" in admitting the challenged evidence. *United States v. Garcia*, 291 F.3d 127, 136 (2d Cir. 2002) (quotation marks omitted).

## CONCLUSION

We have considered Williams's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Cathrine O'Hagan Wolfe, Clerk of Court

7